Adam S. Gruen (Cal. Bar No. 114888)
Law Offices of Adam S. Gruen
1791 Solano Avenue, D-1
Berkeley, CA 94707
Telephone: (510) 526-4949
adamsgruen@aol.com

Attorneys for Plaintiffs

UNITED STATED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IRVING BRONSTEIN, MARIA CHRISTINA TAYLOR, TROY BRONSTEIN, and BRIAN WRIGHT, <br><br> Plaintiffs, <br><br> vs. <br><br> U.S. CUSTOMS AND BORDER PROTECTION, a public entity existing as an agency of the UNITED STATES of AMERICA, including unknown agents, and PRINCESS CRUISE LINES, LTD., a California corporation, <br><br> Defendants. | CASE NO: <br><br> COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. SECTION 1983), FALSE ARREST, FALSE IMPRISONMENT, ASSAULT, BATTERY, NEGLIGENCE, SLANDER, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS <br><br> **DEMAND FOR JURY TRIAL** |

# THE PARTIES

1. Plaintiff Irving Bronstein is a resident of Contra Costa County, California, which is within this federal judicial district.

2. Plaintiff Maria Christina Taylor is a resident of Contra Costa County, California, which is within this federal judicial district.

3. Plaintiff Troy Bronstein is a resident of Contra Costa County, California, which is within this federal judicial district.

4. Plaintiff Brian Wright is a resident of Contra Costa County, California, which is within this federal judicial district. All plaintiffs are referred to as "Plaintiffs."

5. Defendant United States Customs and Border Protection is an entity organized and existing as an agency of the United States of America, and includes unknown agents ("CBP").

6. Defendant Princess Cruise Lines, Ltd. is a corporation organized and existing under California law, and doing business as Princess Cruises ("Princess Cruises").

# PERSONAL JURISDICTION

7. This Court has jurisdiction over Defendants under California's long-arm statute because each resides in California.

# INTRA-DISTRICT ASSIGNMENT

8. Assignment to the San Francisco Division of this Court is proper because the acts alleged occurred in this Judicial District and because each Defendant resides within this District.

# SUBJECT MATTER JURISDICTION

9. Federal subject matter jurisdiction is founded upon Plaintiffs' civil rights claim under 42 U.S.C. Sections 1983 and 1988. The Court has jurisdiction of the pendent state law claims arising out of the same facts.

10. Defendants conspired by, between and among themselves, to do - and did - the acts alleged. Defendants are jointly and severally liable for Plaintiffs' damages as a result. .

-1-

COMPLAINT

## ALLEGATIONS COMMON TO ALL CLAIMS

11. On June 29, 2013, while aboard the Princess Cruises ship "Grande," at port in San Francisco, California, plaintiffs Troy Bronstein and Brian Wright were accosted at approximately 6:00 a.m. by a half dozen uniformed and armed agents employed by and acting in the course of their official duties by defendant Customs and Border Patrol ("CBP").

12. Plaintiffs Troy Bronstein and Brian Wright were both sleeping when they were awakened by loud banging on their cabin door, accompanied by a demand to open the door. When Plaintiff Troy Bronstein opened the door, he had no clothes on. The CBP agents pushed in and entered the cabin and announced they were conducting a "random" search.

13. Plaintiff Troy Bronstein was made to leave the cabin room by threat of force by CBP.

14. Plaintiff Brian Wright also was made to leave the cabin by threat of force by CBP.

15. Plaintiffs were required to sit down in front of the cabin, in a common hallway, as their room was searched.

16. Both plaintiffs Troy Bronstein and Brian Wright were humiliated and embarrassed as their fellow passengers on the cruise walked by them.

17. The CBP agents conducted a lengthy and messy search of plaintiffs' cabin. CBP claimed later to have found a "pipe." in the search. That led to the improper arrest and jailing of both plaintiffs Troy Bronstein and Brian Wright.

18. The CBP agents expanded the unlawful search to include the cabin of Troy Bronsteins's elderly father, plaintiff Irving Bronstein, and his partner, plaintiff Maria Christina Taylor.

19. CBP agents restricted and hindered the freedom of movement of all four Plaintiffs during the searches of both cabins under threats of force.

20. Plaintiffs Troy Bronstein and Brian Wright were both placed in handcuffs, put under "arrest" and ordered to sit in front of their cabin in the hall in front of fellow passengers they had only recently socialized with together.

21. All four Plaintiffs were marched off the Princess Cruise Line ship by the uniformed CBP agents. Plaintiff Irving Bronstein, almost 80 years old, had to tend to and carry off-board the ship the luggage belonging to plaintiffs Troy Bronstein and Brian Wright.

22. Plaintiff Irving Bronstein later posted bail to secure the release of both Troy Bronstein and Brian Wright from jail at a cost of $1,800 each (for a total of $3,600). All "criminal" charges were dismissed before arraignment, in "the interests of justice," on or about July 5, 2013. The real reason the "charges" were dismissed was because they were groundless.

## COMPLIANCE WITH CLAIMS FI LING REQUIREMENT

23. All plaintiffs timely filed Claims against the United States of America as a result of the alleged events and circumstances of June 29, 2013. Plaintiffs' claims were each denied by CBP Director Pamela Miller, by letter dated December 3, 2014 ("Denial of Claims"). The Denial of Claims states that plaintiffs may file suit in the United States District Court within six months of the date of the Denial of Claims, such that the Action is timely filed.

## LEGAL CLAIMS

### FIRST CLAIM FOR RELIEF
(Civil Rights Violation (42 U.S.C. section 1983) Against The United States)

24. Plaintiffs incorporate here as through set forth verbatim the foregoing allegations 1-23 of this Complaint.

25. The citizens of the country are protected from unlawful governmental intrusions into their lives and liberty. To provide redress for such unlawful incursions - and to encourage lawful conduct on the part of its agents - the Congress passed the civil rights statutes.

-3-

COMPLAINT

26. Chief among these constitutional protections is set out in 42 U.S.C. section 1983. That seminal section provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

27. The treatment of all Plaintiffs, as alleged, including the false arrest and false imprisonment that occurred, falls squarely within the prohibitions of the statute.

28. Plaintiffs have each been damaged by, and as a direct consequence of, the wrongful acts of the United States, as alleged.

29. The acts of the CBP were so outrageous and extreme as to constitute oppression, fraud and/or conscious disregard of their acts such that punitive and exemplary damages are appropriate in favor of each plaintiff and against the CBP/United States of America.

## SECOND CLAIM FOR RELIEF
### (False Arrest Against The United States)

30. Plaintiffs incorporate here as through set forth verbatim the foregoing allegations 1-23 of this Complaint.

31. The citizens of the country are protected from unlawful governmental intrusions into their lives and liberty. To provide redress for such unlawful incursions - and to encourage lawful conduct on the part of its agents - the Congress passed the civil rights statutes.

32. Chief among these constitutional protections is set out in 42 U.S.C. section 1983. That seminal section provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

33. The treatment of all Plaintiffs, as alleged, including the false arrest and false imprisonment that occurred, falls squarely within the prohibitions of the statute. Plaintiffs Troy Bronstein and Brian Wright had their cabin searched without good or reasonable cause or suspicion. As a result they were arrested, falsely, and without reasonable cause.

34. Plaintiffs have each been damaged by, and as a direct consequence of, the wrongful acts of the United States, as alleged, including their false arrest.

35. The acts of the CBP were so outrageous and extreme as to constitute oppression, fraud and/or conscious disregard of their acts such that punitive and exemplary damages are appropriate in favor of each plaintiff and against the United States of America.

## THIRD CLAIM FOR RELIEF
(False Imprisonment Against The United States)

36. Plaintiffs incorporate here as through set forth verbatim the foregoing allegations 1-23 of this Complaint.

37. The citizens of the country are protected from unlawful governmental intrusions into their lives and liberty. To provide redress for such unlawful incursions - and to encourage lawful conduct on the part of its agents - the Congress passed the civil rights statutes.

38. Chief among these constitutional protections is set out in 42 U.S.C. section 1983. That seminal section provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

-5-

COMPLAINT

39. The treatment of all Plaintiffs, as alleged, including the false arrest and false imprisonment that occurred, falls squarely within the prohibitions of the statute. Plaintiffs Troy Bronstein and Brian Wright had their cabin searched without good or reasonable cause or suspicion. As a result they were arrested and falsely imprisoned, and their movements restricted for a significant and appreciable amount of time, without good or reasonable cause.

40. Plaintiffs have each been damaged by, and as a direct consequence of, the wrongful acts of the United States, as alleged.

41. The acts of the CBP were so outrageous and extreme as to constitute oppression, fraud and/or conscious disregard of their acts such that punitive and exemplary damages are appropriate in favor of each plaintiff and against the United States of America.

### FOURTH CLAIM FOR RELIEF
(Battery Against All Defendants)

42. Plaintiff incorporates the allegations of paragraphs 1-23 of this complaint as though fully set forth.

43. Plaintiff suffered an offensive and harmful touching - a battery - at the hands of Thomas, as alleged. The other defendants are responsible for the battery due to their acts and omissions, as alleged, because each intended the injury or otherwise acted under circumstances under which the injury was likely to result.

44. Plaintiffs did not consent to the battery.

45. The acts were not justified under law.

46. Plaintiffs suffered damages as a result of the battery of Defendants in an amount of $1,000,000, which will be proved at trial.

47. Plaintiff seeks punitive and exemplary damages in an amount of $4,000,000, or otherwise sufficient to punish Defendants and to deter such behavior in the future.

-6-

COMPLAINT

## FIFTH CLAIM FOR RELIEF
(Assault Against All Defendants)

48. Plaintiffs incorporate the allegations of paragraphs 1-23 of this complaint as though fully set forth.

49. Plaintiffs was in imminent and actual fear their physical safety incident. Defendants are responsible for the assault due to their acts and omissions, as alleged, because each intended the injury or otherwise acted under circumstances under which the injury was likely to result.

50. Plaintiffs did not consent to the assault.

51. The assault was not justified under law.

52. Plaintiffs suffered damages as a result of the assault of Defendants in an amount of $1,500,000, which will be proved at trial.

53. Plaintiffs each seek punitive and exemplary damages in an amount of $1,000,000 or as otherwise sufficient to punish Defendants and to deter such behavior in the future.

## SIXTH CLAIM FOR RELIEF
(Negligence Against All Defendants)

54. Plaintiff incorporates the allegations of paragraphs 1-23 of this complaint as though fully set forth.

55. Defendants owed a duty to Plaintiffs and all passengers to act reasonably to provide a safe environment aboard its cruise ship. These duties are established by common law and statute, including California Government Code sections 815.2(a).

56. Defendants breached these duties owing to Plaintiff in acting as alleged.

57. Plaintiff suffered damages as a result of the negligence of Defendants in an amount of $1,500,000, which will be proved at trial.

SEVENTH CLAIM FOR RELIEF
(Libel and Slander Against All Defendants)

58. Plaintiff incorporates the allegations of paragraphs 1-23 of this complaint as though fully set forth.

59. Defendants, by their acts, misdeeds, and statements, made and uttered false and untrue statements about each of Plaintiffs, to wit that each was engaged in criminal activity, and hence each branded a "criminal" by Defendants.

60. Defendants published the false and untrue statements in front of the other passengers and friends of Plaintiffs aboard ship and elsewhere.

61. Plaintiffs did not consent to publication of the false and untrue statements made about them.

62. Nor were Defendants privileged under law to make the untrue statements. Defendants then memorialized the false and untrue statements in written reports and publications.

63. Plaintiffs suffered damages as a result of the negligence of Defendants in an amount of $1.500,000, which will be proved at trial.

64. Plaintiffs also seek to recover exemplary damages against Defendants in an amount of $1,000,000 each - or $4,000,000 total - or as otherwise sufficient to punish them and to deter such wrongful and reprehensible conduct in the future.

EIGHTH CLAIM FOR RELIEF
(Intentional Infliction of Emotional Distress Against All Defendants)

65. Plaintiffs incorporate the allegations of paragraphs 1-23 of this complaint as though fully set forth.

66. The acts of Defendants constitute extreme and outrageous behavior, which exceeded the bounds of what must be tolerated in civilized society.

-8-

COMPLAINT

67. Defendants acted with the intent to cause Plaintiffs to suffer severe emotional distress, or with reckless disregard of the likelihood that severe emotional distress would result to Plaintiffs. Plaintiffs have in fact suffered severe emotional distress.

68. Plaintiffs have suffered damages in an amount of $1,500,000, which will be proved at trial.

69. Plaintiffs also seek to recover exemplary damages against Defendants in an amount of $1,000,000 each - or $4,000,000 total - or as otherwise sufficient to punish them and to deter such wrongful and reprehensible conduct in the future.

WHEREFORE, Plaintiffs each pray for relief as follows:

A. For general and special damages in the amount of 1,500,000;

B. For costs of suit, including reasonable attorney's fees;

C. For punitive damages of $1,000,000 against Defendants; and

D. For such other relief as is just and proper.

DATED: May 10, 2015                                        LAW OFFICES OF ADAM S. GRUEN

By_____
ADAM S. GRUEN

### DEMAND FOR JURY TRIAL

Plaintiffs each demand trial by jury.

DATED: May 10, 2015                                        LAW OFFICES OF ADAM S. GRUEN

By_____
ADAM S. GRUEN

-9-

COMPLAINT